## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 18-80520-JJG-11 |
| ) | |
| HOMECARE ADVANTAGE, LLC ) | |
| ) | |
| Debtor. ) | |

### DEBTOR'S FIRST DAY MOTION FOR ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO USE COLLATERAL AND GRANTING ADEQUATE PROTECTION

The debtor and debtor-in-possession, Homecare Advantage, LLC ("Debtor") hereby moves, pursuant to §§ 105, 361, 363 and 364 of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, for authority to use collateral, as set forth hereinbelow.

In support of this motion, the Debtor represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1404 and 1409.

3. The statutory bases for the relief sought herein are Section 105, 361, 363 and 364 of the Bankruptcy Code.

### Background

4. The Debtor is a domestic corporation with its principal place of business in Terre Haute, Indiana engaged in medical supply distribution services.

5. This case was commenced by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on August 22, 2018 (the "Petition Date").

### Need for Use of Cash Collateral

6. An immediate and critical need exists of the Debtor to obtain funds in order to continue the operation of its business. Without such funds, the Debtor will not be able to pay its payroll and other operating expenses and obtain goods and services needed to carry on its business.

    The Debtor's ability to finance its operations and the availability to it of sufficient working capital and liquidity through the use of cash collateral is vital to the confidence of the Debtor's vendors and suppliers of goods and services, to its customers, and to the preservation and maintenance of the going concern value of the Debtor's business.

7. That the Debtor owes to Creditor, Riddell National Bank, approximately the sum of Two Hundred Forty-Five Thousand Six Hundred Sixty-Three Dollars and 03/100 ($245,663.03) on five particular Notes ("Riddell Notes") executed by the Debtor on or about the following dates: August 19, 2016, September 12, 2016, June 3, 2013, February 9, 2017 and August 10, 2012.

8. That the Creditor, Riddell National Bank, holds the Debtor's accounts receivable, banking account, equipment and furniture as collateral to Riddell Notes.

9. That the Debtor owes to Creditor, Philips Medical Capital, LLC, approximately the sum of One Hundred Thirty Eight Thousand Nine Hundred Seventy Three Dollars and 03/100 ($13,8973.03) on two particular Notes ("Philips Notes") executed by the Debtor on or about the following dated: August 22, 2016 and May 25, 2017.

10. That the Creditor, Philips Medical Capital, LLC, holds the Debtor's equipment leased or financed by secured party to or for Debtor pursuant to secured party's contract number 101-10118338, together with all additions, attachments, accessories and substitutions to or for the same, and all proceeds of the foregoing lease number 101-10118388 and equipment leased or financed by secured party to or for Debtor pursuant to secured party's contract number 101-10145556, together with all additions, attachments, accessories and substitutions to or for the same, and all proceeds of the foregoing lease number 101-10145556 as collateral to Philips Note.
11. as collateral to Philips Notes.

12. That the Debtor owes to Creditor, DeLage Landen Financial Services, Inc., approximately the sum of Nineteen Thousand Five Hundred Four and 99/100 ($19,504.99) on a particular Note ("DeLage Note") executed by the Debtor on or about April 18, 2017.

13. That the Creditor, DeLage Landen Financial Services, Inc., holds the Debtor's equipment leased or financed by secured party to or for Debtor pursuant to secured party's contract number 100-10140117, together with all additions, attachments, accessories and substitutions to or for the same, and all proceeds of the foregoing lease number 100-10140117 as collateral to DeLage Note.

14. That the Debtor owes to Creditor, VGM Financial Services, a division of TCF National Bank, approximately the sum of Two Thousand Nine Hundred Ninety-Seven Dollars and 97/100 ($2,997.97) on a particular Note ("VGM Note") executed by the Debtor on or about November 13, 2017.

15. That the Creditor, VGM Financial Services, a division of TCF National Bank, holds the Debtor's all equipment, fixtures, inventory, goods and software financed by or leased from

secured party that are subject to an agreement between debtor and secured party of any kind or nature whatsoever, wherever located, whether now owned or hereafter acquired, and all returns, repossessions, substitutions, replacement parts, additions, accessories, and accessions thereto and therefore, and all proceeds thereof, as described in its financing statement and within the scope of article 9 of the Uniform Commercial Code as adopted in Indiana, along with any and all of debtor's accounts, money, general intangibles, instruments, documents and chattel paper as collateral to VGM Note.

16. That the Debtor will provide replacement liens on all accounts receivable and cash proceeds to each of the secured creditors.

17. That it is necessary for the Debtor to use the accounts receivable, banking account, equipment and furniture in order to continue business operations.

18. All creditors claim to have collateral interest in the proceeds of the business.

19. All of the Debtor's cash, accounts receivable, banking account, equipment and furniture constitute the collateral. Thus, absent use of collateral, the Debtor will not have any money with which to pay its operating expenses or equipment to operate the business. If the Debtor is not authorized to use said collateral, it will have to immediately liquidate.

## Legal Authority

20. A Debtor may use the collateral with permission of the Creditor who has an interest in that collateral, pursuant to Section 363(c)(2) of the Bankruptcy Code.

21. A secured creditor is entitled to "adequate protection" when the Debtor seeks to use its cash collateral. 11 U.S.C. § 363(e). The Bankruptcy Code does not dictate what form of adequate protection should be provided, but Section 361 states that adequate protection may include periodic cash payments, replacement liens, or other relief. The precise form of adequate protection should be determined on a case-by-case basis. See In re O'Connor, 808 F.2d 1393, 1396 (10th Cir. 1987); In re Martin, 761 F.2d 472 (8th Cir. 1985). The focus of the requirement is to protect a secured creditor from diminution in the value of its interest in collateral during the period of its use. See In re Ledgemere Land Corp., 116 B.R. 338, 343 (Bankr. D. Mass. 1990); Matter of Kain, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988). Moreover, the legislative history reflects that the statute confers upon "the parties and the courts flexibility by allowing such other relief as will result in the realization by the protected entity of the value of its interest in the property involved." H. Rep. 95-959, 9th Cong., 1st Sess. (1978), reprinted in 1978 U.S. Code Cong. & Admin News 5787, 6296. The Debtor has already provided adequate protection to creditor, Internal Revenue Service, as agreed upon the creditor.

WHEREFORE, the Debtor requests that the Court authorize it to use collateral and that the Court grant such other relief as it deems appropriate.

/s/ Robert D. McMahan
Robert D. McMahan
Attorney for the Debtor
McMahan Law Firm
PO Box 3105
Terre Haute, IN 47803
(812) 235-2800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing Debtor's Motion for Order Authorizing Debtor-In-Possession to Use Collateral was electronically transmitted or deposited in the United States Mail, First Class, Postage Prepaid and addressed to the following:

3B Medical
799 Overlook Dr
Winter Haven, FL 33884-1671

Accurate Biomed Services Inc.
PO Box 333
Silver Springs, FL 34489-0333

Apacheta Corporation
53 W Baltimore Pike Ste 200
Media, PA 19063-5629

Banc-serv Partners, LLC
Servicing Dept.
777 E Main St
Westfield, IN 46074-9440

Bhuptani & Reddy Investments
Rajnith Investments LLC
c/o Dr. Anand Bh
341 E Trailwood Dr
Terre Haute, IN 47802-9606

Brightree
1735 N Brown Rd Ste 500
Lawrenceville, GA 30043-8228

Ceres Solutions
PO Box 2009
Terre Haute, IN 47802-0009

Chart
3055 Torrington Dr
Ball Ground, GA 30107-4543

CIS
1936 S Lynhurst Dr Ste M
Indianapolis, IN 46241-4636

Compass Health Brands
PO Box 71591
Chicago, IL 60694-1591

Culligan
PO Box 9382
Terre Haute, IN 47808-9382

De Lage Financial Services
PO Box 41602
Philadelphia, PA 19101-1602

Dedicated Distribution
640 Miami Ave
Kansas City, KS 66105-2122

Dell
PO Box 5275
Carol Stream, IL 60197-5275

DeVilbiss Healthcare
100 Devilbiss Dr
Somerset, PA 15501-2125

Dik Healthcare
16410 S John Lane Xing # 100
Lockport, IL 60441-4216

Dorsett Nissan
105 W Mayfair Dr
Terre Haute, IN 47802-4487

Drive Medical SPV, LLC
29427 Network Pl
Chicago, IL 60673-1294

Epic Medical, LLC
19772 NW 71st Ave

Starke, FL 32091-5536

Fedex
3965 Airways Blvd
Memphis, TN 38116-5017

First Bankcard
PO Box 3331
Omaha, NE 68103-0331

First Bankcard/ONB
PO Box 2818
Omaha, NE 68103-2818

Healthlink, Inc.
PO Box 6501
Carol Stream, IL 60197-6501

Henry Antonini
PO Box 325
Clinton, IN 47842-0325

Integrated Medical Systems, Inc.
12600 S Holiday Dr
Alsip, IL 60803-3250

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Medical Specialties Distribution
PO Box 206639
Dallas, TX 75320-6639

Medline Industries
650 Perry Rd
Plainfield, IN 46168-7419

Navitas Credit Corp.
1719 State Rt 10 Ste 314
Parsippany, NJ 07054-4500

Nissan
PO Box 742658
Cincinnati, OH 45274-2658

Nissan Motor Acceptance Corp.
PO Box 660360
Dallas, TX 75266-0360

Nonin Medical, Inc.
13700 1st Ave N
Plymouth, MN 55441-4595

Orkin
3733 E Margaret Dr
Terre Haute, IN 47803-9310

Performance Health
28100 Torch Pkwy Ste 700
Warrenville, IL 60555-3938

Phillips Medical Capital, LLC
c/o Erik L. Coccia
1500 Market St Ste 3500E
Philadelphia, PA 19102-2101

ResMed
PO Box 534593
Atlanta, GA 30353-4593

Respironics
PO Box 405740
Atlanta, GA 30384-5700

Riddell National Bank
1 E National Ave
Brazil, IN 47834-2614

Sagamore Health Network
11595 N Meridian St
Carmel, IN 46032-6947

SOS Technologies
4900 N Elston Ave
Chicago, IL 60630-2506

St. Vincent Home Medical
2020 Meridian St # 120
Anderson, IN 46016-4352

Station Break
1500 S 3rd St
Terre Haute, IN 47802-1012

TCF Equipment Finance
11100 Wayzata Blvd Ste 801
Minnetonka, MN 55305-5503

Vantage
1305 S Main St
Meadville, PA 16335-3036

VGM FInancial Services
1111 W San Marnan Dr Ofc A2
Waterloo, IA 50701-8927

VSP
PO Box 742788
Los Angeles, CA 90074-2788

Wells Fargo
PO Box 7777
San Francisco, CA 94120-7777

*/s/ Robert D. McMahan*
Robert D. McMahan